UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAKIMAH JABBOR,

    Plaintiff,

vs.

JAMES GRAHAM,

    Defendants.

Civil Action No. 1:20-cv-245

McFarland, J.
Bowman, M.J

**REPORT AND RECOMMENDATION**

Plaintiff Hakimah Jabbor, a resident of Columbus, Ohio brought a state court action against United States District Judge James Graham by filing a Petition for Civil Stalking Production Order. (Doc. 1) The matter was removed to federal court and is now before the Court on Defendant's motion to dismiss. (Doc. 2). To date, Plaintiff has failed to file a memorandum in opposition to the motion to dismiss. For the reasons that follow, the motion to dismiss should be granted.

Plaintiff's pro se petition arises from a criminal forfeiture proceeding pending before Judge Graham. *See United States v. Deandre Forrest*, Case No. 2:17-cr0158-1 (S.D. Ohio).[1] Pursuant to a Preliminary Order of Forfeiture entered in that case, plaintiff filed a third-party petition claiming an interest in the property subject to the Order. (Id. Doc. 56). On January 16, 2018, Judge Graham granted the United States' Motion to Dismiss Jabbar's forfeiture petition for failure to comply with 21 U.S.C. § 853(n). (Order,

---

[1] Federal Courts may take judicial notice of proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Grandader v. Public Bank*, 417 F.2d 75, 82, 83 (6th Cir. 1969)). See also *National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F. 3d 835, 839 n.2 (6th Cir. 2010*); Lyons v. Stovall*, 188 F.3d 327, 333 n. 3 (6th Cir. 1999).

ECF No. 77.) The Court issued a final order of forfeiture on July 30, 2018. (Order, ECF No. 107.)

Thereafter, on January 17, 2020, Jabbar filed a second Petition for a Civil Stalking Protection Order in the Franklin County Court of Common Pleas. (Petition, ECF No. 1-1.) The Petition asserts that Judge Graham "has used gov't (sic) agencies and officials to steal my title, rights, and judicial claim to the forfeiture property of Deandre Forrest 17-cr-158 . . . ." Id. Jabbar's Petition also includes allegations that Judge Graham "used agents for local churches to send mail to my house that was meant for the prosecutor." Id.

Jabbar's Petition for an immediate Civil Stalking Protection Order was denied. The Franklin County Court of Common Pleas, however, set a full hearing on the Petition for February 26, 2020. On February 21, 2020, Judge Graham removed Jabbar's Petition to this Court pursuant to 28 U.S.C. § 1442.

Plaintiff's petition should be dismissed because it seeks relief from a defendant who is immune from such relief. Plaintiff's claims against Judge Graham are barred by judicial immunity. Judges are afforded absolute immunity from liability for actions taken while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). See also *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001). It is

clear that the decisions made by Judge Graham in the federal forfeiture proceeding were functions normally performed by judges. *Stump*, 435 U.S. at 362. Plaintiff's state court petition related solely to the forfeiture proceedings in Case No. 2:17-cr-158-1 and did not address any non-judicial or personal acts by Judge Graham. In addition, plaintiff has alleged no facts indicating that Judge Graham acted "in the complete absence of all jurisdiction" in dismissing plaintiff's third-party petition claiming an interest in the property subject to the Preliminary Order of Forfeiture. See *Stern*, 262 F.3d at 607. Therefore, Judge Graham is absolutely immune from civil liability in this matter. Accordingly, Defendant's motion to dismiss should be granted because Plaintiff's petition seeks relief from a defendant who is immune from suit.

In light of the foregoing, it is therefore **RECOMMENDED** that Defendant's motion to dismiss (Doc. 2) be **GRANTED.** It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis.* Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAKIMAH JABBOR,

    Plaintiff,

vs.

JAMES GRAHAM,

    Defendants.

Civil Action No. 1:20-cv-245

McFarland, J.
Bowman, M.J

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).